UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

COOBIE DEON DAVIS                      CIVIL ACTION NO. 19-0518

SECTION P

VS.

JUDGE TERRY A. DOUGHTY

3RD JUDICIAL DISTRICT COURT, ET AL.    MAG. JUDGE KAREN L. HAYES

**REPORT AND RECOMMENDATION**

     Plaintiff Coobie Deon Davis, a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on April 23, 2019, under 42 U.S.C. § 1983. He names the following defendants: District Attorney John Belton, Assistant District Attorney Lewis Jones, Sheriff Mike Stone, Lincoln Parish Narcotics Enforcement Team ("LPNET") Officers, and the Third Judicial District Court, Lincoln Parish.[1] For the following reasons, the Court should dismiss Plaintiff's claims.

**Background**

     Plaintiff alleges that he has been incarcerated since his arrest on February 10, 2017, and has yet to have a trial, impliedly claiming that the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial. [doc. # 1, p. 1]. He also claims that the state court threatened to classify him as a habitual offender and to sentence him to sixty-eight years in prison for selling only one gram of a Schedule II drug. *Id.* He further claims that, on February 25, 2013, the state court imposed an excessive sentence following his first conviction for distributing a Schedule II drug. *Id.* Finally, he claims that the state court refuses to review any of his pro se motions. *Id.* at 2.

     Plaintiff claims, without elaborating, that District Attorney John Belton's "office" violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. [doc. # 4, p. 3]. Similarly, he claims that

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Assistant District Attorney Jones, Sheriff Mike Stone, and LPNET officers violated his Fourth, Eighth, Fifth, and Fourteenth Amendment rights. *Id.*

Plaintiff seeks "normal damages," punitive damages, and $250,000.00 for his mental anguish. [doc. #s 1, p. 2; 4, p. 4]. He also appears to ask the Court to dismiss the charges against him, alleging that "he's being held incarcerated past 2 year coverage time limitations expirations [sic]."[2] [doc. # 1, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly

---

[2] Louisiana Code of Criminal Procedure Article 581 provides in part, "Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment."

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d

480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Proceeding**

The Court should dismiss Plaintiff's claims because they are duplicative and malicious. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations in a proceeding that he filed one day before he filed this proceeding: *Coobie*

*Deon Davis v. Sheriff Mike Stone, et al.*, No. 19-cv-0512 (W.D. La. 2019) ("*Davis I*"). *Davis I* remains under initial review.

In *Davis I*, Plaintiff seeks the same relief he seeks here, claiming that: (a) LPNET officers violated his Fourth Amendment rights; (b) he has been incarcerated since the date of his arrest, has yet to have a trial, and, consequently, the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial; (c) the state court threatened to classify him as a habitual offender and to sentence him to sixty-eight years in prison; (d) the state court imposed an excessive sentence following his first conviction; (e) Assistant District Attorney Jones engaged in prosecutorial misconduct when he threatened Plaintiff with a sentence ranging from twenty-five years in prison to a lifetime in prison; and (f) his attorney refuses to file any motions and declines to adopt his pro se motions.

As the claims in this proceeding are duplicative and malicious, the Court should dismiss them.[4]  Because Plaintiff raises these claims in *Davis I*, which is pending, the Court should dismiss these claims without prejudice to Plaintiff's right to prosecute *Davis I*.  See *Pittman*, 980 F.2d at 995. The Court should, otherwise, dismiss the claims with prejudice.  See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Coobie Deon Davis's claims be **DISMISSED** as duplicative and malicious **WITHOUT PREJUDICE** to Plaintiff's right to prosecute the pending, duplicative proceeding.  The claims should otherwise be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[4] That Plaintiff names two additional defendants in *Davis I* does not change the result.  See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of May, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE